# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UHAR & COMPANY, INC., | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-1698 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| MOHAN JACOB *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### GRANTING IN PART AND DENYING IN PART DEFENDANT MANNA LLC'S MOTION TO DISMISS

## I. INTRODUCTION

This case comes before the court on the motion to dismiss filed by defendant Manna, LLC ("Manna"). The plaintiff, Uhar & Company, Inc., is a commercial real estate broker operating in the District of Columbia. The plaintiff alleges that the defendants breached the contract that it entered into with defendant Mohan Jacob ("Jacob") on behalf of defendant Manna to secure a tenant for retail property owned by Manna at 1530-1540 1st Street, SW ("the property") in the District of Columbia. Specifically, the plaintiff alleges that the defendants failed to pay the plaintiff real estate brokerage commissions, as required under the agreement, after the plaintiff secured a tenant for the property. Alternatively, the plaintiff asserts that even if there was no enforceable agreement between the parties, it is nonetheless entitled to recover the reasonable value of the services it provided under a theory of unjust enrichment.

Manna has moved to dismiss the complaint, arguing that the D.C. statute of frauds bars the plaintiff's breach of contract claim because no written contract memorializes the alleged agreement. Furthermore, Manna contends that the court should dismiss the plaintiff's unjust

enrichment claim because the plaintiff cannot assert breach of contract and unjust enrichment claims as alternative theories of recovery.

Because Manna's obligation to pay the plaintiff real estate brokerage fees is memorialized in the lease agreement for the property, the court declines to dismiss the plaintiff's breach of contract claim on statute of frauds grounds. Because, however, D.C. law does not permit unjust enrichment claims based on real estate brokerage services, the court grants the defendant's motion to dismiss that claim.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

Manna is an entity operated by Jacob as a commercial landlord in Washington, D.C. Compl. ¶ 2. Jacob entered into an oral contract with the plaintiff on behalf of Manna to secure a tenant for the property. *Id.* ¶ 5. Under the terms of this oral agreement, Jacob agreed that Manna would pay the plaintiff three percent of each month's rent received for the initial term of any lease procured by the plaintiff. *Id.* On October 28, 2005, Manna leased the property to Specialized Education of D.C., Inc. ("the tenant"), a tenant procured by the plaintiff for an initial lease term of 120 months, pursuant to a written lease agreement executed by Manna and the tenant ("the lease"). *Id.* ¶ 6.

The lease, which was signed by Jacob as an agent for Manna, expressly incorporates the

---

[1] For the purposes of ruling on this motion, the court assumes that the plaintiff's allegations are true. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 673, 681 (D.C. Cir. 2009) (observing that "[w]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

terms of the oral agreement reached by the plaintiff and Manna.[2] *Id.* The tenant began paying rent on the property on September 1, 2006. *Id.* ¶ 7. Manna has yet to pay any commission to the plaintiff. *Id.* ¶ 8.

The plaintiff commenced an action against the defendants in the Superior Court of the District of Columbia on August 12, 2009, which the defendants removed to this court on September 3, 2009. *See generally* Notice of Removal. On September 24, 2009, Manna filed this motion to dismiss. *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot."). In its motion, Manna contends that the plaintiff cannot maintain a breach of contract claim against it because no written contract exists between them, as required by the District of Columbia's statute of frauds. *Id.* at 1. Additionally, Manna asserts that the plaintiff may not maintain a claim in the alternative for unjust enrichment because a party to an express contract may not bring a claim for unjust enrichment related to an express contract. *Id.* Finally, Manna seeks dismissal of the plaintiff's claim for declaratory judgment, arguing that that claim must fail because the plaintiff's breach of

---

[2] Specifically, paragraph 25.8(c) of the lease states,

> [Manna] hereby agrees to pay [Uhar & Company] 3% of each installment of Base Rent received with respect to the Initial Term (but not the Renewed Term), and any Termination Payment received in accordance with this Lease. [Manna] shall remit these commission amounts to [Uhar & Company] within 30 days of Landlord's receipt of funds.

Pl.'s Opp'n, Ex. 1 ¶ 25.8(c).

contract and unjust enrichment claims fail.³  *Id.* at 2.  The court now turns to the applicable legal

standards and the parties' arguments.

### III.  ANALYSIS
#### A.  Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.

---

³  In its reply brief, Manna presents a number of arguments not raised in its opening brief, including the contentions that the plaintiff acted at the direction of defendant Jacob, rather than Manna, and that Jacob had no authority to bind Manna.  *See generally* Def.'s Reply.  Because these arguments were raised for the first time in the defendant's reply brief, the court will not consider them in resolving this motion.  *See Aleutian Priblof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008) (noting that "it is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief" (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992))).

4

Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

### B. The D.C. Statute of Frauds[4] Does Not Bar the Plaintiff's Breach of Contract Claim

Manna alleges that no written contract exists memorializing the defendants' agreement to pay the plaintiff for providing real estate brokerage services. *See generally* Def.'s Mot. Thus,

---

[4] Because the property at issue is located in the District of Columbia and the events giving rise to the claim appear to have taken place in the District, the court applies District of Columbia law. *See, e.g.*, *Armenian Assembly of Am., Inc. v. Cafesjian*, 597 F. Supp. 2d 128, 134 n.3 (D.D.C. 2009). Indeed, although the parties do not conduct any choice-of-law analysis, they both assume that D.C. law applies. *See generally* Def.'s Mot.; Pl.'s Opp'n; Def.'s Reply.

5

Manna asserts, the D.C. statute of frauds bars the plaintiff's breach of contract claim. *See generally id.* The plaintiff contends that the statute of frauds does not apply to real estate broker agreements. Pl.'s Opp'n at 3. Furthermore, the plaintiff argues that even if the statute of frauds did apply, it would be satisfied by the lease executed between Manna and its tenant, which allegedly memorializes the agreement between the plaintiff and the defendants.[5] *Id.* at 4.

### 1. The Statute of Frauds Applies to the Purported Agreement Between the Plaintiff and Manna

The D.C. statute of frauds provides, in pertinent part, that

> [a]n action may not be brought . . . upon a contract or sale of real estate, of any interest in or concerning it, or upon an agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action is brought, or a memorandum or note thereof, is in writing, which need not state the consideration and signed by the party to be charged therewith or a person authorized by him.

D.C. CODE § 28-3502.

Thus, if an agreement cannot by its terms be performed within one year, it is unenforceable unless memorialized in a written memorandum. *See id.* Indeed, when an agreement provides for monthly payments for a period last more than one year, the statute of frauds applies. *See Fitzgerald v. Hunter Concessions, Inc.*, 710 A.2d 863, 865 (D.C. 1998) (noting that the statute of frauds prohibited the enforcement of an oral agreement calling for monthly payments over a five-year period (citing *R&A, Inc. v. Kozy Korner, Inc.*, 672 A.2d

---

[5] Although the plaintiff did not attach the lease as an exhibit to the complaint, it does reference the lease in its complaint. *See generally* Compl. Therefore, the court may consider the lease in resolving this motion. *See Harris v. District of Columbia*, 2010 WL 1009730, at *2 (D.D.C. Mar. 22, 2010) (observing that in deciding a motion to dismiss under Rule 12(b)(6), "the Court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice" (quoting *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 301 (D.D.C. 2007))); *see also Marshall v. Honeywell Tech. Solutions Inc.*, 536 F. Supp. 2d 59, 65 (D.D.C. 2008) (noting that "where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment").

1062, 1067 n.8 (D.C. 1996))). Because the agreement that the plaintiff seeks to enforce allegedly called for monthly commission payments throughout the duration of the ten-year lease agreement, it falls within the statute of frauds.

In arguing that the statute of frauds does not apply to real estate brokerage agreements, the plaintiff relies on case law interpreting a former D.C. statute, which provided that "[a] written listing contract is required in the District for the sale of all real property." D.C. CODE § 45-1945 (repealed 1997). Courts construing this statute have concluded that it did not alter D.C. common law allowing brokers to collect commissions on oral listing agreements. *See, e.g.*, *Moshovitis v. Bank Cos.*, 694 A.2d 64, 67 (D.C. 1997) (affirming "that the absence of a written contract, by itself, did not bar" a real estate broker from receiving a commission); *Fred Ezra Co. v. Pedas*, 682 A.2d 173, 178 (D.C. 1996) (holding that "D.C. Code § 45-1945[] has not changed the common law with respect to the enforceability of unwritten contracts for broker fees"); *Cassidy & Pinkard, Inc. v. Jemal*, 899 F. Supp. 5, 7 (D.D.C. 1995) (noting that "[o]ral listing contracts were enforceable as a matter of D.C. common law prior to the enactment of § 45-1945"). Based on these authorities, the plaintiff argues that D.C. law permits the enforcement of oral real estate brokerage agreements.

The plaintiff's reliance on these authorities is misplaced for at least two reasons. First, the statute in question was amended in 1997 and now provides that "[a] written listing contract is required in the District for the sale of all real property. A licensee shall not receive payment of a commission in the absence of a written listing agreement." D.C. CODE § 42-1705. "[T]his express prohibition against payment of commissions in the absence of a written listing agreement

7

overrules prior case law that permitted brokers to collect commissions on equitable theories such as quantum meruit."[6] *In re Capitol Hill Group*, 320 B.R. 460, 466 (D.D.C. 2005).

Second, even if D.C. common law did ordinarily permit the enforcement of oral real estate brokerage agreements, the fact would remain that the agreement at issue in this case is governed by the D.C. statute of frauds because it could not be performed within one year. *See Fitzgerald*, 710 A.2d at 865. Accordingly, the plaintiff must satisfy the statute of frauds to sustain its breach of contract claim.

### 2. The Lease Satisfies the Statute of Frauds

To satisfy the statute of frauds, the claimant must supply a written memorandum containing the essential terms of the agreement signed by the party against whom enforcement of the contract is sought. *See* D.C. CODE § 28-3502; *see also Coffin v. District of Columbia*, 320 A.2d 301, 304 (D.C. 1974) (holding that a work order satisfied the statute of frauds because it was "in written form, it include[d] the terms of the agreement, and it [was] signed . . . by the [defendant's] agent").

The plaintiff contends that the statute of frauds is satisfied by the lease agreement entered into by Manna and the tenant, which reflected Manna's agreement to pay a monthly commission to the plaintiff for the duration of the lease period. *See* Pl.'s Opp'n at 4. Manna asserts that the lease does not satisfy the "written memorandum" requirement of the statute of frauds because it is not a formal contract between the plaintiff and Manna. Def.'s Mot. at 3.

Yet a memorandum need not be an express contract between the parties to satisfy the statute of frauds. *See Gharib v. Wolf*, 518 F. Supp. 2d 50, 54 (D.D.C. 2007) (noting that "the [D.C.] statute of frauds does not require that the contract itself be in writing" (citing *Farrow v.*

---

[6] Manna does not assert that D.C. Code § 42-1705, which concerns the sale (rather than the lease) of real property, bars the plaintiff's breach of contract claim. *See generally* Def.'s Mot.; Def.'s Reply.

8

*Cahill*, 663 F.2d 201, 209-10 (D.C. Cir. 1980))); *see also Farrow*, 663 F.2d at 209 (observing that the "memorandum or note" does not need to be "made by the parties as an expression of the contract or signed with the intention of assenting to the contract's terms in order to satisfy the Statute"); RESTATEMENT (SECOND) OF CONTRACTS § 133 (noting that "the Statute may be satisfied by a signed writing not made as a memorandum of a contract"). Indeed, the purpose for which the writing was made is "immaterial to determining whether the Statute has been satisfied." *Farrow*, 663 F.2d at 209 (noting that the statute of frauds may be satisfied by a signed letter attempting to repudiate an oral contract). Therefore, the lease satisfies the "written memorandum" requirement of the statute of frauds, despite the fact that it is a lease agreement between Manna and the tenant to which the plaintiff is not a party.

The lease also appears to set forth the "essential terms" of the agreement between the plaintiff and Manna, as required to satisfy the statute of frauds. *See Gharib*, 518 F. Supp. 2d at 54 (noting that to satisfy the D.C. statute of frauds, the writing must "set forth the 'essential terms' of the agreement, and adequately identify the parties to the contract" (citing *Farrow*, 663 F.2d at 209-10)). The lease details the terms of the agreement, specifically reflecting Manna's agreement to pay the plaintiff three percent of each month's rent throughout the duration of the initial lease term as commission for securing a tenant. *See Farrow*, 663 F.2d at 208 (observing that a memorandum specifying the property sold, the consideration to be paid and parties to the contract undisputedly "embodie[d] the terms of the contract and, as such, constitute[d] a suitable 'memorandum or note thereof'"); *Clay v. Hanson*, 536 A.2d 1097, 1102 (D.C. 1988) (noting that to satisfy the statute of frauds in a real estate transaction, the memorandum must provide the essential terms of the contract, namely, the parties to the contract and a sufficient description of the property); *see also Easter v. Kass-Berger, Inc.*, 121 A.2d 868, 870 (D.C. 1956) (holding that

to satisfy the statute of frauds, "memoranda must state all the promises of the parties with sufficient clarity and definiteness as to render the essential terms of the agreement clear without resort to parol testimony" (citing *Williams v. Morris*, 95 U.S. 444 (1877))).

Indeed, at least one court has observed that the statute of frauds is satisfied by a written contract between the seller and buyer of real estate that outlines the parties' agreement with a third-party broker. *See Bensen v. Gall*, 605 A.2d 841, 843 (Vt. 1992) (observing that a real estate sales agreement between the seller and a third-party purchaser containing the essential terms of the brokerage commission contract would satisfy the statute of frauds as a "memorandum or note thereof" because it was "signed by the defendants and contained the essential terms of the commission contract"). Because the lease between Manna and its tenant identifies the parties to the brokerage agreement, contains the promises between the parties and makes explicit Manna's payment obligation to the plaintiff, it provides the essential terms of the parties' agreement so as to satisfy the statute of frauds.

Finally, defendant Jacob signed the lease on behalf of defendant Manna, satisfying the requirement that the written memorandum be "signed by the party to be charged." *See* D.C. CODE § 28-3502. The statute of frauds does not require that both parties sign the memorandum. *Ochs v. Weil*, 142 F.2d 758, 760-61 (D.C. Cir. 1944) (holding that an agreement to sell real estate, signed by the seller's agent, is binding under the D.C. statute of frauds); *Kaplan v. Lippman*, 552 N.E.2d 151, 153 n.* (N.Y. 1990) (observing that "[t]he Statute of Frauds requires that a contract for the sale or long-term lease of property be signed by the party to be charged, i.e., the party against whom enforcement of the contract is sought. The absence of a signature by the party seeking to enforce the agreement is without legal significance"); *cf. Bronner v. Park Place Entm't Corp.*, 137 F. Supp. 2d 306, 312 (S.D.N.Y. 2001) (holding that a memorandum of a

real estate brokerage agreement detailing commission payment that the defendant had no part in preparing and did not sign was unenforceable under the statute of frauds). Thus, the fact that the plaintiff did not sign the document is of no moment in this analysis because Manna, the party to be charged, signed the lease.

In short, the lease constitutes a written memorandum of Manna's purported agreement with the plaintiff, embodies all of the essential terms of the parties' contract and is signed by Jacob on behalf of Manna. Thus, the statute of frauds does not bar the plaintiff's breach of contract claim.

### C. The Court Dismisses the Plaintiff's Unjust Enrichment Claim

Manna asserts that the plaintiff cannot bring a claim of unjust enrichment in the alternative to its breach of contract claim. *See* Def.'s Mot. at 1. The plaintiff responds that it is entitled to plead alternative – and even contradictory – claims at this stage of the proceedings. *See* Pl.'s Opp'n at 4-5.

Under D.C. law, in order for a plaintiff to recover commission for brokerage services provided to a property owner, "it must have a contractual basis for its claim." *Fred Ezra Co.*, 682 A.2d at 175. A claim for unjust enrichment does not rest on the existence of a contractual relationship, but relies instead on a "quasi-contractual" obligation that is implied-in-law, thrusting a duty "under certain conditions upon one party to requite another in order to avoid the former's unjust enrichment."[7] *Id.* (citing *Vereen v. Clayborne*, 623 A.2d 1190, 1194 (D.C. 1993); *Bloomgarden v. Coyer*, 479 F.2d 201, 208 (D.C. Cir. 1973)). The D.C. Court of Appeals has held that D.C. law "does not allow recovery for [broker] services rendered under so-called

---

[7] If two parties do not dispute that a valid agreement governs their relationship, a party may not bring both breach of contract and unjust enrichment claims. *See Albrecht v. Comm. on Employee Benefits*, 357 F.3d 62, 69 (D.C. Cir. 2004) (noting that "there can be no claim for unjust enrichment when an express contract exists between the parties" (citing *Schiff v. Am. Ass'n of Retired Persons*, 697 A.2d 1193, 1194 (D.C. 1997))).

11

quasi-contract theories in the absence of a true contract expressing a binding agreement between the parties." *Fred Ezra Co.*, 682 A.2d at 176; *see also Apostolides v. Colecchia*, 221 A.2d 437, 438-39 (D.C. 1966) (noting that "[i]f no agreement, oral or written, exists authorizing the broker to act, then he is not entitled to any compensation despite the fact that he procures a buyer, because under such circumstances he is a mere volunteer" (citing *Eggleton v. Vaughn*, 45 A.2d 362, 363(D.C. 1946))).

Because the plaintiff in this case is attempting to recover commissions allegedly owed for real estate brokerage services, it may recover those unpaid commissions only if it can show that a contractual obligation bound the parties. Therefore, the court dismisses the plaintiff's unjust enrichment claim.[8]

## IV. CONCLUSION

For the foregoing reasons, the court grants in part and denies in part defendant Manna's motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of May, 2010.

RICARDO M. URBINA
United States District Judge

---

[8] Manna also requests the dismissal of the plaintiff's claim for declaratory judgment, arguing that it must fail because the breach of contract and unjust enrichment claims fail. *See generally* Def.'s Mot. Given the court's denial of Manna's motion to dismiss the plaintiff's breach of contract claim, the court denies without prejudice Manna's motion to dismiss the plaintiff's declaratory judgment claim. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007) (holding that in declaratory judgment actions, courts have "unique and substantial discretion in deciding whether to declare the rights of litigants") (quoting *Wilton v. Seven Falls*, 515 U.S. 277, 286 (1995)).